## Grago v. Vitale et al.

Before Carr, P. J., Morrow and Cottman, JJ.
*Joseph E. Kovach*, for plaintiff.
*William Soisson*, for defendants.

CARR, P. J., December 29, 1947.—This is an action of replevin for goods sold and delivered by plaintiff to defendant upon a written contract providing for payment of a part of the purchase price on delivery and the balance within a limited time, and reserving to plaintiff the right to repossess the goods in the event of default. In his complaint plaintiff alleged that defendants, after making the down payment, failed to pay the balance as stipulated. Defendants filed an answer admitting their failure to pay, but alleging, under the heading "New Matter", the breach of an implied warranty of fitness, notice to plaintiff of their election to rescind the contract, and an unaccepted offer to plaintiff to return the goods upon being reimbursed for the money they had paid, for the amount of which they pleaded a lien. Plaintiff now preliminarily objects to the answer, demurring to the "New Matter" contained therein, and moving for judgment on the pleadings. He contends that a breach of warranty is not a good defense to an action of replevin.

It is true that a defendant in an action of replevin is not entitled to claim damages for a breach of warranty; Rule 1082(*a*) of the Rules of Civil Procedure relating to replevin expressly provides that no counter-

claim may be asserted. The claim made by defendants, however, is not for damages for breach of warranty, but merely for the return of the purchase money paid and for a lien on the goods in that amount. Their right to assert such a claim is recognized by The Sales Act of May 19, 1915, P. L. 543, sec. 69, 69 PS §314, and by Pa. R. C. P. 1082(*b*) and (*c*).

Section 69 of The Sales Act provides as follows:

"First. Where there is a breach of warranty by the seller, the buyer may, at his election,— . . . (d) Rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller, and recover the price or any part thereof which has been paid . . . Fifth. Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuse to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section fifty-three."

And sections (*b*) and (*c*) of Pa. R. C. P. 1082 provide:

"(b) A defendant may set forth in the answer under the heading 'New Matter' any claim secured by a lien on the property. (c) If any party is found to have a lien upon the property the court may enter a conditional verdict in order to enforce the rights of all parties."

It is thus apparent that the preliminary objections are without merit.

### Order

And now, December 29, 1947, upon consideration of the foregoing case, the preliminary objections ex parte plaintiff are overruled and dismissed, and leave is granted him to plead over within 20 days.